UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN A. WARREN,

       Petitioner,

                                            Case No. 07-12769

v.

                                            Honorable Patrick J. Duggan

RAYMOND BOOKER,

       Respondent.
_____/

## ORDER DISMISSING HABEAS PETITION AS UNTIMELY

                At a session of said Court, held in the U.S.
                 District Courthouse, Eastern District
                 of Michigan, on December 27, 2007.

       PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                               U.S. DISTRICT COURT JUDGE

       On July 3, 2007, Brian A. Warren ("Petitioner"), presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* application for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his 1983 juvenile conviction for larceny from a building. Petitioner states that he pleaded guilty to larceny from a building in the Calhoun County Probate Court on June 8, 1983 and received probation. In his current petition, Petitioner asserts that he was deprived of his Sixth Amendment right to appeal and to the appointment of appellate counsel because the Calhoun County Probate Court did not inform him of those rights at the time of his plea and sentence. In addition, Petitioner claims that his 1983

conviction was used to enhance his sentences that he is currently serving as a result of 1995 convictions.

On December 3, 2007, this Court issued an order giving Petitioner sixty days "to show cause as to why his petition should not be dismissed as untimely." (Doc. No. 4, 12/3/07 Or. at 2.) On December 17, 2007, Petitioner timely filed a response to this Court's show cause order.

As the Court noted in its December 3, 2007 Order to Show Cause, the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "Act"), which became effective on April 24, 1996, imposes a one-year limitations period on habeas petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The AEDPA's one-year period does not begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Where, as here, a prisoner's conviction becomes final before the enactment of the AEDPA, the Sixth Circuit has held that the prisoner has "one additional year after the Act's effective date to file a habeas petition." *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)(citing *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999)).

In his present application, Petitioner is challenging a June 8, 1983 conviction in the Calhoun County Probate Court. Petitioner did not appeal this conviction in state court. Nor did Petitioner challenge this conviction collaterally in state court. Consequently, Petitioner's conviction became when his time to file an appeal as of right expired, which was well before the enactment of the AEDPA. Because Petitioner's conviction became final before the enactment of the AEDPA, he had until April 24, 1997 to file a federal

habeas petition challenging his 1983 conviction. Petitioner's current petition, which was filed on July 3, 2007, is therefore untimely.

In his response to the Court's Order to Show Cause, Petitioner contends that his current petition was untimely based on his mental incompetence. Petitioner argues that because the trial judge presiding over his 1995 trial for first-degree home invasion did not conduct competency hearing and instead issued an order on the fifth day of trial that Petitioner was competent by relying solely on the report from the State forensic Center, he is mentally incompetent. In support of this argument, Petitioner relies solely on the Calhoun County Circuit Court's Register of Actions.

"Where a habeas petitioner's mental competence is at issue and the record indicates a 'genuine basis for concern', it is proper for a district court to toll the AEDPA's limitations period, at least until a district court makes a competency evaluation." *Williams v. Price*, Case No. 01-CV-74016, 2002 U.S. Dist. LEXIS 6489, at *13 (E.D. Mich. 2002)(quoting *Calderon v. U.S. Dist. Court for Cent. Dist. California*, 163 F.3d 530, 541 (9th Cir. 1998)). Nonetheless, "a habeas petitioner's mental incompetence is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. Instead, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition." *Id.* (citing *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001).

In this case, the Court does not believe that Petitioner's purported mental incompetence affected his ability to timely file his present habeas petition. Indeed, Petitioner timely filed a habeas petition on July 30, 2000, challenging his 1995

3

convictions for felony murder, first-degree criminal sexual conduct, first-degree home invasion, assault and battery, and kidnapping in this District. *See Warren v. Jackson*, No. 00-73560 (E.D. Mich.). Petitioner's habeas petition challenging his 1995 convictions was denied on its merits. Furthermore, Petitioner timely filed a habeas petition challenging his amended sentences resulting from his 1995 convictions in the United States District Court for the Western District of Michigan. *See Warren v. Jackson*, No. 05-0791 (W.D. Mich.).[1] This petition is still pending. Moreover, Petitioner timely filed a habeas petition challenging his sentences resulting from 1995 convictions in this District on October 12, 2006, which was deemed duplicative of his November 25, 2005 petition and dismissed on October 31, 2006. *See Warren v. Booker*, No. 06-14462, 2006 U.S. Dist. LEXIS 79146 (E.D. Mich. Oct. 31, 2006). Therefore, because Petitioner's alleged incompetence did not affect his ability to timely file the habeas petition challenging his 1995 convictions, the habeas petition challenging the amended sentences resulting from his 1995 convictions, and the duplicative petition challenging the amended sentences resulting from his 1995 convictions, this Court does not believe that it affected his ability to timely file the instant petition. Consequently, Petitioner is not entitled to equitable tolling based on his alleged mental incompetence.

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus is **DISMISSED** as

---

[1] Petitioner filed this petition on November 25, 2005, which challenges an amended judgment of sentence that was entered in the Calhoun County Circuit Court on September 14, 2005.

untimely.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Brian A. Warren
#245972
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442